## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>722 12th St., NW, 4th Floor<br>Washington, D.C. 20005<br><br>    **Plaintiff,**<br><br>  v.<br><br>**UNITED STATES DEPARTMENT OF HEALTH<br>    AND HUMAN SERVICES**<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No.** 17-2572 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") for its complaint against Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ("the Department" or "HHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to a FOIA request to a component of HHS, the National Institute for Environmental Health Studies ("NIEHS").

2. HHS has improperly denied the request by failing to provide an initial determination in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. Plaintiff requested fee waivers for the request, as provided by FOIA, due to the public interest in the information the records address and, expressly in the alternative, the media and educational status of each requester.

4. Plaintiff has received fee waivers by federal agencies because it is a media outlet, and has received fee waivers by federal agencies on the very same substantive issue for reasons of the public interest at issue.

5. NIEHS has not responded in any way to plaintiff, nor has it informed plaintiff of any FOIA number assigned to the request.

6. NIEHS has not given plaintiff any estimate the volume of records responsive to the request, nor a date by which responsive records would be produced, nor any FOIA exemptions which might apply.

7. HHS therefore has failed to properly respond to any of plaintiff's request.

8. Accordingly, plaintiff files this lawsuit to compel the HHS to comply with the law and produce the properly described public records in this FOIA request.

## PARTIES

9. Plaintiff Energy & Environment Legal Institute ("E&E Legal") is a nonprofit research, public policy and public interest litigation center incorporated in Virginia, with offices in Washington, DC.  E&E Legal is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy.  E&E Legal's programs include analysis, publication, and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

10. Defendant HHS is a federal agency headquartered in Washington, DC with constituent agencies including the National Institutes of Health (NIH) and National Cancer Institute (NCI).

**JURISDICTION AND VENUE**

11. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because plaintiff and the defendant all maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

**FACTUAL BACKGROUND**

13. On October 24, 2017 plaintiff submitted a FOIA request to NIEHS, seeking copies of certain described electronic correspondence over a specific period of time between two named individuals, as well as attachments, which used any of a half-dozen number of specifically delineated keywords. (see Exhibits 1).

14. This request was submitted to NIEHS to the email address niehsfoia@niehs.nih.gov.

**Defendant's Reply and Subsequent Proceedings**

15. NIEHS never acknowledged the receipt of the October 24, 2017 FOIA request, nor assigned it a FOIA number.

16. NIEHS has not contacted plaintiff, or nor provided a substantive response of any kind. It has failed to provide a schedule of production and what exemptions it might claim under

FOIA, or otherwise comply with FOIA's requirements within that 20-day timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

17. Plaintiff was owed such a response from NIEHS on or before November 24.

18. By failing to respond to plaintiff's request in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

19. Plaintiff has constructively and actually exhausted the administrative process as regards this request, because of NIEHS's failure to abide by FOIA's statutory deadlines.

## **ARGUMENTS**

20. Transparency in government is the subject of high-profile executive branch promises arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

21. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

22. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request

4


to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  HHS did not seek additional information from plaintiff regarding the request at issue in this suit.

23. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

24. Defendant HHS owes plaintiff records responsive to the request at issue in this suit, which request reasonably described the information sought and was otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

25. Further, plaintiff notes that defendant has waived fees and/or waived its ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiff within the statutory deadline(s).  The HHS, therefore, has waived all fees and must produce the requested documents as required by law.

### FIRST CLAIM FOR RELIEF
### Seeking Declaratory Judgment

26. Plaintiff re-alleges paragraphs 1-25 as if fully set out herein.

27. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

28. Plaintiff asks this Court to enter a judgment declaring that:

    a. The HHS's correspondence as specifically described in plaintiff's FOIA request described, *supra*, and attached as an exhibit, is subject to release under FOIA;

    b. The HHS must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c. The HHS may not assess or seek costs and fees for the request at issue in this case, as plaintiff is entitled to a waiver of their fees.

### SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

29. Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA request, without fees, subject to legitimate withholdings.

31. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA request, subject to legitimate withholdings.

32. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholdings and any other remaining issues.

### **THIRD CLAIM FOR RELIEF**
### **Seeking Costs and Fees**

33. Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

36. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff request the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 30th day of November, 2017,

By Counsel:

*Chaim Mandelbaum*

_____

Chaim Mandelbaum, Esq.
D.D.C. Bar No. VA 86199
726 N. Nelson St, Suite 9
Phone: (703) 577-9973
chaim12@gmail.com